IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORP., *as receiver for Carolina Federal Savings Bank*,<br><br>Plaintiff/Counter-Defendant,<br><br>vs.<br><br>ROBERT M. CAMPBELL, JR., *et. al.,*<br><br>Defendants/Counter-Plaintiffs. | No. 2:13-cv-00743-DCN<br><br>**ORDER** |

This case is a sobering reminder about the American tragedy that has been this country's recent financial crisis. For decades, the Campbell family did all of their banking with Carolina Federal Credit Union, and its later iteration, Carolina Federal Savings Bank ("the bank" or "Carolina Federal"). At a hearing held on January 9, 2013, Ralph Raymond Campbell, Jr. testified that he and his family members took out a number of home loans with Carolina Federal over the years. For each loan, Carolina Federal employees assured the Campbell family that their loan terms would be modified as necessary to ensure that they could continue to make the payments. According to Mr. Campbell, he and his family members repeatedly relied on the oral promises made to them by Carolina Federal employees. For many years, Carolina Federal employees delivered on their promises, allowing the family to refinance loans as necessary or to make their loan payments late. In return, the Campbell family eventually paid off their loans. Carolina Federal employees continued to make similar promises after Carolina Federal came under new management and reorganized from a credit union to a bank. As a result, the Campbell family took out several loans with Carolina Federal in the late

1

1990s and early 2000s. While negotiating these loans, the Campbells again relied on the oral promises made to them by bank employees. When the Campbells found themselves unable to make their loan payments, Carolina Federal refused to honor the promises that its employees had made and the loans went into foreclosure. Mr. Campbell testified that the foreclosures and ensuing litigation have wrecked his finances, destroyed his credit, and ruined his health. A number of his family members have also suffered devastating financial losses and adverse health effects.

This matter is now before the court on a motion for summary judgment filed by plaintiff/counter-defendant Federal Deposit Insurance Corporation ("the FDIC"), which appears in its capacity as receiver for Carolina Federal. While the court must grant summary judgment in favor of the FDIC, it sympathizes with the Campbell family's plight. Some of the family's counterclaims probably would have survived summary judgment had the bank – and not the FDIC – remained a party to this case. In any case, the Campbells' story is a microcosm of the millions of lives that have been affected by the 2007 housing bubble burst and the ensuing economic downturn.

## I.  BACKGROUND

On April 24, 2008, Carolina Federal filed six separate mortgage foreclosure actions in the Charleston County Court of Common Pleas against defendants Kevin Russell Campbell, Robert M. Campbell, Raymond Ralph Campbell, Jr., Maria M. Campbell, and Raymond Ralph Campbell, III (collectively, "the Campbells"). Carolina Federal's complaints sought foreclosure of properties that the Campbells had financed through loans issued by Carolina Federal. The Campbells asserted a variety of counterclaims that focused on the bank's allegedly unfair, fraudulent, and negligent

business practices relating to those loans.  At some point, the mortgages that were the subject of the bank's six foreclosure actions were all either foreclosed or refinanced.  Only the Campbells' counterclaims remain in the case.

On April 26, 2010, the state court granted Carolina Federal's motion for summary judgment on the Campbells' counterclaims for violation of the South Carolina Consumer Protection Act, violation of the South Carolina Unfair Trade Practices Act, breach of fiduciary duty, and unjust enrichment.  The state court's order left intact the Campbells' counterclaims for negligence, negligent misrepresentation, breach of contract, and constructive fraud.  Through its order, the state court permitted the Campbells to amend their counterclaims to assert a cause of action under the South Carolina High Cost and Consumer Home Loans Act and, in turn, permitted Carolina Federal to move for summary judgment on those claims.

In May 2010, the Campbells amended their counterclaims to assert a violation of the South Carolina Consumer Protection Code, S.C. Code § 37-5-203, and a violation of article five of the South Carolina Consumer Protection Code. The bank moved for summary judgment on those counterclaims, but the state court never ruled upon that motion.  The state court consolidated all of the foreclosure cases and the Campbells' counterclaims on December 17, 2010.

Carolina Federal failed and, on June 8, 2012, the Office of the Comptroller closed the bank and appointed the FDIC as receiver for pursuant to 12 U.S.C. § 1821(c).  On October 31, 2012, FDIC was substituted as plaintiff in some, but not all, of the consolidated state court cases.  That error was corrected and the FDIC was substituted as plaintiff in the remaining consolidated cases on March 18, 2013.

On March 20, 2013, the FDIC removed the consolidated cases to federal court on the basis that all civil suits to which the FDIC is a party "shall be deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2). On October 14, 2013, the FDIC moved for summary judgment on the Campbells' six remaining counterclaims. The Campbells opposed the motion on October 31, 2013, and the FDIC filed a reply on November 5, 2013. The parties also presented oral argument on the matter at a hearing held on January 9, 2014. This matter is now ripe for the court's review.

## II.  STANDARDS

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. The court should view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor. Id. at 255.

4

## III.   DISCUSSION

As an initial matter, the Campbells contend that the court should not consider this summary judgment motion because it is successive to the ones filed in state court.  This summary judgment motion is the FDIC's first, and it asserts arguments, based on federal law, that were not available when Carolina Federal was the plaintiff in this case.  Moreover, while the Fourth Circuit does not appear to have ruled on this issue, most circuit courts agree that successive summary judgment motions are not improper.  Hoffman v. Tonnemacher, 593 F.3d 908, 910-11 (9th Cir. 2010) (holding that district courts have discretion to entertain successive motions for summary judgment); Sira v. Morton, 380 F.3d 57, 68 (2d Cir. 2004) (same); Fenney v. Dakota, Minnesota & E. R.R. Co., 327 F.3d 707, 718 (8th Cir. 2003) (same); Kovacevich v. Kent State Univ., 224 F.3d 806, 835 (6th Cir. 2000) (same); Whitford v. Boglino, 63 F.3d 527, 530 (7th Cir. 1995) (same); Enlow v. Tishomingo Cnty., 962 F.3d 501, 507 (5th Cir. 1992) (same).  The FDIC's motion is not successive.  Even if it were, it would not be improper.  As a result, the court considers the merits of the FDIC's motion.

The FDIC contends that it is entitled to summary judgment on all of the Campbells' counterclaims because they are based upon oral, not written, agreements.  12 U.S.C. § 1821(d)(9)(A) states that "any agreement which does not meet the requirements set forth in section 1823(e) of this title shall not form the basis of, or substantially comprise, a claim against the receiver or the Corporation."  Section 1823(e), in turn, states that "No agreement which tends to diminish or defeat the interest of the Corporation . . . shall be valid against the Corporation unless such agreement . . . is in writing . . . ."  12 U.S.C. § 1823(e)(1)-(1)(A).  These portions of the U.S. Code codify a

common law doctrine first announced in D'Oench Duhme & Co. v. FDIC, 315 U.S. 447, 457 (1942). The D'Oench, Duhme doctrine

> serves two purposes. First, it allows federal and state examiners to rely on a bank's records in evaluating the institution's fiscal soundness. Second, it ensures mature consideration of unusual loan transactions by senior bank officials, and prevents fraudulent insertion of new terms, with the collusion of bank employees, when a bank appears headed for failure.

Young v. FDIC, 103 F.3d 1180, 1187 (4th Cir. 1997) (internal citations omitted); see also Fed. Fin. Co. v. Hall, 108 F.3d 46, 49 (4th Cir. 1997) ("The common law rule created in D'Oench, Duhme protects the FDIC from secret agreements made by a failed bank, a doctrine later codified in 12 U.S.C. § 1823(e).").

At the hearing held on January 9, 2014, counsel for the Campbells conceded that the loan terms at issue in this case are all oral promises made by Carolina Federal employees. As a result, all of the Campbells' counterclaims are barred by the D'Oench, Duhme doctrine and by 12 U.S.C. §§ 1821(d) and 1823(e) and the court must grant summary judgment in favor of the FDIC.

### III.  CONCLUSION

For these reasons, the court **GRANTS** the FDIC's motion for summary judgment, ECF No. 16.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**January 14, 2014**
**Charleston, South Carolina**